UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 12340 EFH**

| | |
|---|---|
| ELI MISTOVICH, JR.<br>　　Plaintiff<br><br>v.<br><br>ELIZABETH BOWDEN, STEPHEN<br>URBAN, STEPHEN NEVERO and<br>ALISON LEATON<br>　　Defendants | RECEIPT # 59800<br>AMOUNT $ 150.00<br>SUMMONS ISSUED N/A<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED<br>BY DPTY. CLK. MP<br>DATE 11/3/04<br><br>MAGISTRATE JUDGE JLA |

## NOTICE OF REMOVAL

TO:　THE HONORABLE JUDGES OF THE UNITED STATES
　　　DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Stephen Urban and Stephen Nevero, by their attorneys, file this Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and request that this action be removed from the Superior Court of Middlesex, Trial Court Department, to this Court. As their reasons for removal, the Defendants state:

1.　Stephen Urban and Stephen Nevero are Defendants in a civil action brought in Superior Court of the Commonwealth of Massachusetts, County of Middlesex, Docket No. 04-3746, entitled <u>Eli Mistovich, Jr. v. Elizabeth Bowden, Stephen Urban, Stephen Nevero and Alison Leaton</u>. Urban and Nevero each first received a copy of the summons and complaint in said action on or about October 14, 2004. On information and belief, Defendants Elizabeth Bowden and Alison Leaton have not yet been served.

2.　Copies of all process and pleadings received by Stephen Urban and Stephen Nevero are attached, respectively, as Exhibits A and B.

3. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332, inasmuch as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. With regard to the $75,000 limit, the Plaintiff has specified that he is owed $29,000 for lost wages and compensation to date, $7,500 for COBRA health insurance payments, and unspecified amounts for "loss of job, loss of pension benefits (to be determined)." See Civil Action Cover Sheet (Exhibits A and B hereto).

5. On information and belief, adding in the value of the lost pension benefits will bring Plaintiff's claimed damages to well over $75,000. According to a fact sheet issued by the Railroad Retirement Board, railroad employees with 30 years of service are eligible to receive their regular annuities at age 60, while those with less than 30 years of service are required to wait until age 62. See Benefits Under Railroad Retirement and Social Security, at p. 2 (U.S. Railroad Retirement Board March 2004) (attached as Exhibit C). Adding in two years' worth of pension benefits is alone expected to increase Plaintiff's damages by over $80,000. See id. at 1 (noting that persons who retired at the end of fiscal year 2003, on average, received monthly annuities, including a spousal benefit, totaling $3,735).

6. On information and belief, based on the allegations of the complaint, the plaintiff was, at the time this action was commenced, and still is, an individual residing in New Hampshire.

7. The Defendant Elizabeth Bowden was, at the time this action was commenced, and still is, an individual residing in Massachusetts.

8. The Defendant Stephen Urban was, at the time this action was commenced, and still is, an individual residing in Massachusetts.

9. The Defendant Stephen Nevero was, at the time this action was commenced, and still is, an individual residing in Massachusetts.

10. The Defendant Alison Leaton was, at the time this action was commenced, and still is, an individual residing in Massachusetts.

11. This Court has original jurisdiction over the Complaint, which therefore may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12. Middlesex County, Massachusetts, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the District of Massachusetts. 28 U.S.C. § 101.

13. Pursuant to Local Rule 81.1(a), the Defendants shall request from the Clerk of the Middlesex County Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same within thirty days of filing of this Notice.

WHEREFORE, the Defendants Stephen Urban and Stephen Nevero petition that the above-captioned case now pending in the Superior Court, Middlesex County, Commonwealth of Massachusetts, be removed to this Court.

Respectfully submitted,

STEPHEN URBAN and
STEPHEN NEVERO

By their attorneys,

_____
Walter B. Prince, BBO# 406640
Laurie F. Rubin, BBO# 564947
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated: November 3, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties to this action by forwarding copies by first-class mail, postage pre-paid directed to Frank J. Teague, Esq., Frank J. Teague & Associates, One Liberty Square, 4th Floor, Boston MA 02109 on November 3, 2004.

_____
Laurie F. Rubin