UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELI MISTOVICH, JR. | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 04-12340-EFH |
| | ) | |
| ELIZABETH BOWDEN, STEPHEN | ) | |
| URBAN, STEPHEN NEVERO and | ) | |
| ALISON LEATON | ) | |
| Defendants | ) | |
| | ) | |

**ANSWER OF DEFENDANTS, STEPHEN NEVERO AND STEPHEN URBAN**

Pursuant to Fed. R. Civ. P. 8, defendants Stephen Urban and Stephen Nevero respond to plaintiff, Eli Mistovich, Jr.,'s Complaint, by corresponding paragraph number, as follows.

**PARTIES**

1.      Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 1, except that they admit only that Massachusetts Bay Commuter Rail LLC ("MBCR") has operated the commuter rail lines on behalf of the Massachusetts Bay Transportation Authority ("MBTA"), taking over from Amtrak as of July 2003, and that the plaintiff was an employee of MBCR from on or about July 1, 2003 to on or about March 30, 2004.

2.      Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 2 concerning the period of time before July 1, 2003; as for the time after July 1, 2003, Defendants Urban and Nevero deny the allegations set forth in paragraph 2, except that they admit

only that plaintiff worked for MBCR as Assistant Division Engineer in the Engineering

Department until on or about March 30, 2004, and that plaintiff's job responsibilities

included a variety of things, including overseeing track employees and interviewing and

hiring new employees.

3.     Defendants Urban and Nevero deny the allegations set forth in paragraph

3, except that they admit only that most of the Amtrak employees who were working on

the MBTA's commuter rail lines transitioned to MBCR in July 2003, when MBCR took

over the commuter rail operations, and that most of such employees retained the same job

titles, responsibilities and wages and employment benefits.

4.     Defendants Urban and Nevero deny the allegations set forth in paragraph

4, except that they admit only that Elizabeth Bowden is employed as MBCR's Manager

of Organizational Development.

5.     Defendants Urban and Nevero deny the allegations set forth in paragraph

5, except that they admit only that Urban is a resident of Attleboro, Massachusetts and

that he is employed by MBCR as Deputy General Manager.

6.     Defendants Urban and Nevero deny the allegations set forth in the first

sentence of paragraph 6, except that they admit only that Nevero is a resident of Billerica,

Massachusetts and has the functional title of Chief Engineer in connection with his work

for MBCR.  Defendants Urban and Nevero admit the allegations set forth in the second

sentence of paragraph 6 to the extent that this sentence refers to the time before plaintiff's

termination from MBCR; to the extent it refers to the time after plaintiff's termination,

denied.

7.    Defendants Urban and Nevero deny the allegations set forth in paragraph 7, except that they admit only that, as of September 2003, Leaton was employed by an independent contractor to MBCR handling certain recruitment and employee hiring responsibilities.

## MBCR's HIRING IN 2003 and 2004

8.    Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 8 with regard to the time period when plaintiff worked for Amtrak.  As for the time period that plaintiff worked for MBCR, Defendants Urban and Nevero state as follows:  They are unable to respond to the allegations set forth in the first sentence of paragraph 8 since the word "many" in this context is vague and ambiguous;  further answering, plaintiff's attendance records speak for themselves.  Defendants Urban and Nevero deny the allegations set forth in the second sentence of paragraph 8; further answering, there has been no performance evaluation of the plaintiff since he started working for MBCR.   Defendants Urban and Nevero deny the allegations set forth in the third sentence of paragraph 8.

9.    Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 9 to the extent that they regard the time period before plaintiff worked for MBCR.  To the extent that the allegations concern the time period plaintiff worked for MBCR, denied, except that Defendants Urban and Nevero admit only that plaintiff participated in interviewing and hiring track employees for MBCR.

10.     Defendants Urban and Nevero deny the allegations set forth in paragraph 10, except that they admit only there was a need to hire additional entry level trackmen, and that plaintiff was aware of this need.

11.     Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 11 since they regard the time period before plaintiff worked for MBCR.

12.     Defendants Urban and Nevero deny the allegations set forth in paragraph 12, except that they admit only that, in the fall of 2003, Leaton worked for an independent contractor consultant and that she communicated with plaintiff around the hiring of trackmen.

13.     Defendants Urban and Nevero deny the allegations set forth in paragraph 13, except that they admit only that plaintiff provided Leaton with a narrowed list of job candidates he wanted to interview.

14.     Defendants Urban and Nevero deny the allegations set forth in paragraph 14, except that they admit only that Leaton scheduled interviews, to be held on March 4 and March 5, 2004, for the candidates plaintiff had selected for interviews, that several candidates did not appear for the scheduled interviews, and that Leaton discussed with the plaintiff arranging for interviews with applicants that plaintiff had previously rejected.

15.     Defendants Urban and Nevero deny the allegations set forth in paragraph 15, except that they admit only that Leaton asked plaintiff to review again the application of Marvin Morgan, from Dorchester, Massachusetts; further answering, they understand that plaintiff interviewed Marvin Morgan only after Leaton insisted that he did so, and only after making comments to Leaton reflecting racial discrimination.

4

16.     Defendants Urban and Nevero deny the allegations set forth in paragraph 16, except that they admit only that additional interviews were scheduled for March 5 and 11, 2004 and that plaintiff did not voice any opposition when Leaton selected Morgan to be hired.

17.     Defendants Urban and Nevero admit the allegations set forth in the first sentence of paragraph 17.  Defendants are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the second sentence of paragraph 17.

**TERMINATION OF PLAINTIFF'S EMPLOYMENT FOR "DISCRIMINATION"**

18.     Defendants are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 18; further answering, any e-mail communication speaks for itself and defendants deny that Bowden's title was "Human Resources Chief."

19.     Defendants Urban and Nevero deny the allegations set forth in paragraph 19, except that they admit only that there was a meeting on March 26, 2004, that this meeting was attended by plaintiff and defendants Bowden, Urban and Nevero, and that Bowden informed the plaintiff that they were looking into whether he screened out job applicants based on race, in part based on job applicants' addresses, and that this issue had arisen in connection with the application of Morgan, a black candidate from Dorchester.

20.     Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the first through fourth sentences of paragraph 20 to the extent that they refer to plaintiff's state of mind;   further

answering, from plaintiff's statements to them in this meeting, they concluded that he admitted screening out applicants, including Morgan, based on race;  they also deny that there was any type of improper accusation or tone used in this meeting.  Defendants Urban and Nevero deny the allegations set forth in the fifth sentence of paragraph 20.

21.    Defendants Urban and Nevero deny the allegations set forth in the first two sentences of paragraph 21, except that they admit only that Bowden, at one point later in the meeting, informed plaintiff that he was "stonewalling," or words to that effect. Regarding the allegations set forth in the final sentence of paragraph 21, Defendants deny that Bowden and Urban were "supervising Plaintiff" and are without sufficient information to form a belief regarding the truth or falsity of the remaining allegations since they refer to plaintiff's belief about what happened; to the extent that the final sentence refers to what actually happened, denied, except that Defendants Urban and Nevero admit only that they were aware of a concern that plaintiff may have been engaging in racial discrimination in selecting job candidates and they had not previously informed plaintiff about this concern.

22.    Defendants Urban and Nevero deny the allegations set forth in the first sentence of paragraph 22.  Regarding the allegation in the second sentence of paragraph 22 that "people of all races live in Dorchester," any census information speaks for itself. As for the remaining allegations contained in the second sentence of paragraph 22, denied.  Defendants are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the third sentence of paragraph 22 to the extent that it refers to plaintiff's state of mind; Defendants Urban and Nevero deny the remaining allegations set forth in the third sentence of paragraph 22.

23.     The phrase "with no prior warning" is ambiguous in light of plaintiff's earlier meeting with Defendants Urban, Nevero, and Bowden.   Defendants Urban and Nevero admit the remaining allegations set forth in the first three sentences of paragraph 23.  Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the final sentence of paragraph 23 since it refers to plaintiff's state of mind.

24.     Defendants Urban and Nevero deny the allegations set forth in paragraph 24, except that they admit only that plaintiff at one point asked for the reason for his termination and he was informed that he was being terminated based on his hiring and interview practices.

25.     Defendants Urban and Nevero deny the allegations set forth in paragraph 25, except that they admit only plaintiff was given the opportunity to resign, and that plaintiff was required to return his identification badge and all other company materials, including the company  truck.

**INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP**

26.     Defendants Urban and Nevero repeat and incorporate as though fully set forth herein their responses to paragraphs one through twenty-five above.

27.     Defendants Urban and Nevero admit that plaintiff received benefits, including health insurance, and that he had the position of Assistant Division Engineer. As for the amount of plaintiff's salary, denied as stated; further answering, defendants' pay records speak for themselves.  Defendants Urban and Nevero are without sufficient information to form a belief regarding the truth or falsity of the remaining allegations set forth in paragraph 27.

28.    Defendants deny the allegations set forth in paragraph 28.

29.    Defendants deny the allegations set forth in paragraph 29.

**Prayer for Relief**

The remaining section of plaintiff's complaint concerns his prayer for relief, to which no response is required; to the extent any response is appropriate, Defendants Urban and Nevero deny that plaintiff is entitled to any of the relief requested.

**Affirmative Defenses**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendants Urban and Nevero were justified in their conduct and acts, and are therefore not liable to the plaintiff as alleged in the complaint.

THIRD AFFIRMATIVE DEFENSE

Defendants Urban and Nevero were privileged in their conduct and acts, and are therefore not liable to the plaintiff as alleged in the complaint.

WHEREFORE, the Defendants Urban and Nevero pray that this court dismiss plaintiff's claims with prejudice; enter judgment on behalf of the Defendants; award Defendants their attorneys' fees and costs; and grant the Defendants such other and further relief as the court deems just and proper.

DEFENDANTS CLAIM A JURY TRIAL ON ALL CLAIMS SO TRIABLE

Respectfully submitted,

STEPHEN URBAN and
STEPHEN NEVERO

By their attorneys,


          /s/ Laurie F. Rubin
Walter B. Prince, BBO# 406640
Laurie F. Rubin, BBO# 564947
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
Dated:  November 19, 2004          (617) 456-8000


## CERTIFICATE OF SERVICE


I hereby certify that a true copy of the above document was served upon all parties to this action by forwarding a copy by first-class mail, postage pre-paid directed to Frank J. Teague, Esq. Frank J. Teague & Associates, One Liberty Square, 4th Floor, Boston, MA 02109 on November 19, 2004.


          /s/ Laurie F. Rubin
Laurie F. Rubin