UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELI MISTOVICH, JR. )<br>      Plaintiff )<br>)<br>v. )<br>)<br>ELIZABETH BOWDEN, STEPHEN )<br>URBAN, STEPHEN NEVERO and )<br>ALISON LEATON )<br>      Defendants )<br>) | C.A. No. 04-12340-EFH |

**ANSWER OF DEFENDANT ELIZABETH BOWDEN**

Pursuant to Fed. R. Civ. P. 8, defendant Elizabeth Bowden responds to plaintiff, Eli Mistovich, Jr.,'s Complaint, by corresponding paragraph number, as follows.

**PARTIES**

1. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 1, except that she admits only that Massachusetts Bay Commuter Rail LLC ("MBCR") has operated the commuter rail lines on behalf of the Massachusetts Bay Transportation Authority ("MBTA"), taking over from Amtrak as of July 2003, and that the plaintiff was an employee of MBCR from on or about July 1, 2003 to on or about March 30, 2004.

2. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 2 concerning the period of time before July 1, 2003; as for the time after July 1, 2003, Defendant Bowden denies the allegations set forth in paragraph 2, except that she admits only that plaintiff worked for MBCR as Assistant Division Engineer in the Engineering Department until

on or about March 30, 2004, and that plaintiff's job responsibilities included a variety of things, including overseeing track employees and interviewing and hiring new employees.

3. Defendant Bowden denies the allegations set forth in paragraph 3, except that she admits only that most of the Amtrak employees who were working on the MBTA's commuter rail lines transitioned to MBCR in July 2003, when MBCR took over the commuter rail operations, and that most of such employees retained the same job titles, responsibilities and wages and employment benefits.

4. Defendant Bowden denies the allegations set forth in paragraph 4, except that she admits only that she is employed as MBCR's Manager of Organizational Development.

5. Defendant Bowden denies the allegations set forth in paragraph 5, except that she admits only that Stephen Urban is a resident of Attleboro, Massachusetts and that he is employed by MBCR as Deputy General Manager.

6. Defendant Bowden denies the allegations set forth in the first sentence of paragraph 6, except that she admits only that Stephen Nevero is a resident of Billerica, Massachusetts and has the functional title of Chief Engineer in connection with his work for MBCR. Defendant Bowden admits the allegations set forth in the second sentence of paragraph 6 to the extent that this sentence refers to the time before plaintiff's termination from MBCR; to the extent it refers to the time after plaintiff's termination, denied.

7. Defendant Bowden denies the allegations set forth in paragraph 7, except that she admits only that, as of September 2003, Leaton was employed by an independent contractor to MBCR handling certain recruitment and employee hiring responsibilities.

**MBCR's HIRING IN 2003 and 2004**

  8. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 8 with regard to the time period when plaintiff worked for Amtrak.  As for the time period that plaintiff worked for MBCR, Defendant Bowden states as follows:  She is unable to respond to the allegations set forth in the first sentence of paragraph 8 since the word "many" in this context is vague and ambiguous;  further answering, plaintiff's attendance records speak for themselves.  Defendant Bowden denies the allegations set forth in the second sentence of paragraph 8; further answering, there has been no performance evaluation of the plaintiff since he started working for MBCR.   Defendant Bowden denies the allegations set forth in the third sentence of paragraph 8.

  9. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 9 to the extent that they regard the time period before plaintiff worked for MBCR.  To the extent that the allegations concern the time period plaintiff worked for MBCR, denied, except that Defendant Bowden admits only that plaintiff participated in interviewing and hiring track employees for MBCR.

  10. Defendant Bowden denies the allegations set forth in paragraph 10, except that she admits only there was a need to hire additional entry level trackmen, and that plaintiff was aware of this need.

  11. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 11 since they regard the time period before plaintiff worked for MBCR.

12. Defendant Bowden denies the allegations set forth in paragraph 12, except that she admits only that, in the fall of 2003, Leaton worked for an independent contractor consultant and that she communicated with plaintiff around the hiring of trackmen.

13. Defendant Bowden denies the allegations set forth in paragraph 13, except that she admits only that plaintiff provided Leaton with a narrowed list of job candidates he wanted to interview.

14. Defendant Bowden denies the allegations set forth in paragraph 14, except that she admits only that Leaton scheduled interviews, to be held on March 4 and March 5, 2004, for the candidates plaintiff had selected for interviews, that several candidates did not appear for the scheduled interviews, and that Leaton discussed with the plaintiff arranging for interviews with applicants that plaintiff had previously rejected.

15. Defendant Bowden denies the allegations set forth in paragraph 15, except that she admits only that Leaton asked plaintiff to review again the application of Marvin Morgan, from Dorchester, Massachusetts; further answering, she understands that plaintiff interviewed Marvin Morgan only after Leaton insisted that he did so, and only after making comments to Leaton reflecting racial discrimination.

16. Defendant Bowden denies the allegations set forth in paragraph 16, except that she admits only that additional interviews were scheduled for March 5 and 11, 2004 and that plaintiff did not voice any opposition when Leaton selected Morgan to be hired.

17. Defendant Bowden admits the allegations set forth in the first sentence of paragraph 17. Defendant Bowden is without sufficient information to form a belief

4

regarding the truth or falsity of the allegations set forth in the second sentence of paragraph 17.

**TERMINATION OF PLAINTIFF'S EMPLOYMENT FOR "DISCRIMINATION"**

18.     Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in paragraph 18; further answering, any e-mail communication speaks for itself and Defendant Bowden denies that her title was "Human Resources Chief."

19.     Defendant Bowden denies the allegations set forth in paragraph 19, except that she admits only that there was a meeting on March 26, 2004, that this meeting was attended by plaintiff and Defendants Bowden, Urban and Nevero, and that Bowden informed the plaintiff that they were looking into whether he screened out job applicants based on race, in part based on job applicants' addresses, and that this issue had arisen in connection with the application of Morgan, a black candidate from Dorchester.

20.     Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the first through fourth sentences of paragraph 20 to the extent that they refer to plaintiff's state of mind;   further answering, from plaintiff's statements to MBCR representatives in this meeting, she concluded that he admitted screening out applicants, including Morgan, based on race; she also denies that there was any type of improper accusation or tone used in this meeting.  Defendant Bowden denies the allegations set forth in the fifth sentence of paragraph 20.

21.     Defendant Bowden denies the allegations set forth in the first two sentences of paragraph 21, except that she admits only that she, at one point later in the

5

meeting, informed plaintiff that he was "stonewalling," or words to that effect. Regarding the allegations set forth in the final sentence of paragraph 21, Defendant Bowden denies that she and Urban were "supervising Plaintiff" and is without sufficient information to form a belief regarding the truth or falsity of the remaining allegations since they refer to plaintiff's belief about what happened; to the extent that the final sentence refers to what actually happened, denied, except that Defendant Bowden admits only that she was aware of a concern that plaintiff may have been engaging in racial discrimination in selecting job candidates and she had not previously informed plaintiff about this concern.

22. Defendant Bowden denies the allegations set forth in the first sentence of paragraph 22. Regarding the allegation in the second sentence of paragraph 22 that "people of all races live in Dorchester," any census information speaks for itself. As for the remaining allegations contained in the second sentence of paragraph 22, denied. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the third sentence of paragraph 22 to the extent that it refers to plaintiff's state of mind; Defendant Bowden denies the remaining allegations set forth in the third sentence of paragraph 22.

23. The phrase "with no prior warning" is ambiguous in light of plaintiff's earlier meeting with Defendants Urban, Nevero, and Bowden. Defendant Bowden admits the remaining allegations set forth in the first three sentences of paragraph 23. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the allegations set forth in the final sentence of paragraph 23 since it refers to plaintiff's state of mind.

24. Defendant Bowden denies the allegations set forth in paragraph 24, except that she admits only that plaintiff at one point asked for the reason for his termination and he was informed that he was being terminated based on his hiring and interview practices.

25. Defendant Bowden denies the allegations set forth in paragraph 25, except that she admits only plaintiff was given the opportunity to resign, and that plaintiff was required to return his identification badge and all other company materials, including the company truck.

**INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP**

26. Defendant Bowden repeats and incorporates as though fully set forth herein her responses to paragraphs one through twenty-five above.

27. Defendant Bowden admits that plaintiff received benefits, including health insurance, and that he had the position of Assistant Division Engineer. As for the amount of plaintiff's salary, denied as stated; further answering, defendant's pay records speak for themselves. Defendant Bowden is without sufficient information to form a belief regarding the truth or falsity of the remaining allegations set forth in paragraph 27.

28. Defendant Bowden denies the allegations set forth in paragraph 28.

29. Defendant Bowden denies the allegations set forth in paragraph 29.

**Prayer for Relief**

The remaining section of plaintiff's complaint concerns his prayer for relief, to which no response is required; to the extent any response is appropriate, Defendant Bowden denies that plaintiff is entitled to any of the relief requested.

7

**Affirmative Defenses**

FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant Bowden was justified in her conduct and acts, and is therefore not liable to the plaintiff as alleged in the complaint.

THIRD AFFIRMATIVE DEFENSE

Defendant Bowden was privileged in her conduct and acts, and is therefore not liable to the plaintiff as alleged in the complaint.

WHEREFORE, the Defendant Bowden prays that this court dismiss plaintiff's claims with prejudice; enter judgment on behalf of the Defendants; award Defendants their attorneys' fees and costs; and grant the Defendants such other and further relief as the court deems just and proper.

DEFENDANT BOWDEN CLAIM A JURY TRIAL ON ALL CLAIMS SO TRIABLE

                                  Respectfully submitted,

                                  Elizabeth Bowden,

                                  By her attorneys,

                                    /s/ Laurie F. Rubin
                                Walter B. Prince, BBO# 406640
                                Laurie F. Rubin, BBO# 564947
                                Prince, Lobel, Glovsky & Tye LLP
                                585 Commercial Street
                                Boston, MA 02109
Dated:  January 10, 2005            (617) 456-8000

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all parties to this action by forwarding a copy by first-class mail, postage pre-paid directed to Frank J. Teague, Esq. Frank J. Teague & Associates, One Liberty Square, 4th Floor, Boston, MA 02109 on January 10, 2005.

                                    /s/ Laurie F. Rubin
                                    Laurie F. Rubin