UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELI MISTOVICH, JR.          )<br>      Plaintiff          )<br>                                     )<br>v.                                  )<br>                                     )<br>ELIZABETH BOWDEN, STEPHEN )<br>URBAN, STEPHEN NEVERO and )<br>ALISON LEATON            )<br>      Defendants          )<br>                                     ) | C.A. No. 04-12340-EFH |

**DEFENDANTS' NOTICE OF EVIDENTIARY OBJECTIONS
TO EXHIBITS PROPOSED BY PLAINTIFF**

Pursuant to the Court's Order of January 9, 2006, defendants Elizabeth Bowden, Stephen Urban, and Stephen Nevero hereby give notice of the following evidentiary objections to five of the exhibits proposed by Plaintiff in the parties' Revised Joint List of Proposed Exhibits (filed with the Court on June 19, 2006).

**Plaintiff's Proposed Exhibit 1:  Memorandum of September 25, 2003 to Stephen Nevero from Eli Mistovich (Urban Dep. Exh. 1)**

Defendants object to the introduction of this exhibit on the following grounds:  It lacks foundation and authentication and is inadmissible hearsay.  See generally F.R.E. 901 (authentication);  F.R.E. 801-804 (hearsay).

**Plaintiff's Proposed Exhibit 2:  Eli Mistovich list of track resumes dated January 20, 2004 (Nevero Dep. Exh. 8)**

Defendants object to the introduction of this exhibit on the following grounds:  It is inadmissible hearsay, lacks foundation and authentication, is not relevant to the matters to be decided, and its probative value is exceeded by concerns of unfairly prejudicing the Defendants, confusing the jury and prolonging the trial..

The proposed exhibit is hearsay because it is being offered for the truth of the matter asserted – that the individuals on the list were applicants for the track position and that the characteristics written on the list accurately reflect attributes of the candidates. To the extent that plaintiff seeks to introduce this document to show that the information was conveyed to Alison Leaton, and not for the truth of the contents, it is inadmissible because it lacks authentication and foundation.  Leaton testified in her deposition that she did not recall receiving the document from Plaintiff.  <u>See</u> <u>generally</u> F.R.E. 901 (authentication);  F.R.E. 801-804 (hearsay).

The proposed exhibit is also not relevant to the issues to be decided in this case. Information that was not known to Bowden, Nevero or Urban could not have influenced their conduct and conclusions and therefore is irrelevant to deciding whether they acted with "actual malice" when they participated in the investigation into Leaton's allegations. <u>See</u> F.R.E. 402.  In addition, its probative value, if any, is substantially outweighed by the danger of creating unfair prejudice, confusing the issues in the case, and unduly delaying the trial.  F.R.E. 403.

**Plaintiff's Proposed Exhibit 3:  Revised list of track resumes February 9, 2004 (Mistovich Dep. Exh. 20)**

Defendants object to this proposed exhibit for the same reasons as set forth in their objections to Proposed Exhibit 3.  Defendants incorporate herein those same objections.

**Plaintiff's Proposed Exhibit 4:  Annual Performance Reviews of Eli Mistovich, Jr. at Amtrak for the years 1989, 1990, 1991, 1992, 1993, 1994, 1999 and 2000 (Exhibits A-H to Affidavit of Eli Mistovich Jr., submitted in opposition to Summary Judgment Motion.)**

Defendants object to the introduction of this proposed exhibit on numerous grounds. Defendants anticipate filing a motion in limine concerning this exhibit. The following is a summary of the issues that will be addressed in that motion:

First, Defendants object to this exhibit on the grounds that it is irrelevant. Information that was not known to Bowden, Nevero or Urban could not have influenced their conduct and conclusions and therefore is irrelevant to deciding whether they acted with "actual malice" when they participated in the investigation into Alison Leaton's allegations. See F.R.E. 402.

Second, Defendants object to this exhibit on the grounds that it is improper character evidence. Plaintiff seeks to introduce evidence of his allegedly non-discriminatory practices to prove that he did not discriminate against an applicant seeking to work at MBCR and that therefore the Defendants wrongfully concluded that he discriminated or they did not really believe that he discriminated. A plaintiff cannot use this type of character evidence to suggest that he would have acted in conformity with past behavior. Under F.R.E. 404(b), evidence of past acts cannot be used to demonstrate propensity to act in this manner.

Third, Defendants object to this exhibit on the grounds that it contains improper lay opinion. Such type of opinion testimony is inadmissible under F.R.E. 701.

Fourth, Plaintiff's past hiring record at Amtrak or purportedly non-discriminatory practices at Amtrak should be excluded because its probative value, if any, is substantially outweighed by the danger of creating unfair prejudice, confusing the issues in the case, and unduly delaying the trial. F.R.E. 403.

Fifth, this exhibit should be excluded for (1) for lack of foundation/authentication, and (2) because it is inadmissible hearsay. In this case, Plaintiff has himself provided the performance evaluations, attaching them to his summary judgment opposition. There is nothing from Amtrak to indicate that these were, in fact, performance evaluations from Amtrak's file. Accordingly, Plaintiff has failed to authenticate the documents and lay a foundation for admitting them into evidence. They are also inadmissible hearsay, being offered for the truth of the matter asserted. See generally F.R.E. 901 (authentication); F.R.E. 801-804 (hearsay).

**Plaintiff's Proposed Exhibit 5: Alison Leaton e-mail to Elizabeth Bowden March 25, 2006 (Bowden Dep. Exh. 31)**

The Defendants object to this proposed exhibit on the ground that it is inadmissible hearsay, it is irrelevant to the matters to be decided, and its probative value, if any, is substantially outweighed by the danger of creating unfair prejudice, confusing the issues in the case, and unduly delaying the trial. See generally F.R.E. 402, 403, 801-804.

Respectfully submitted,

**ELIZABETH BOWDEN, STEPHEN URBAN and STEPHEN NEVERO,**

By their attorneys,

　/s/ Laurie F. Rubin
Walter B. Prince, BBO# 406640
Laurie F. Rubin, BBO# 564947
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000

Dated: June 19, 2006